(Surrogate's Court, New York County. November, 1907.)

GUARDIAN—APPOINTMENT—NOTICE.

> Under Domestic Relations Law, Laws 1896, p. 223, c. 272, § 51, vesting in the mother a right to the custody of a child equally with the father, a guardian cannot be appointed for a minor on the father's petition without notice to the mother.

In the matter of the estate of Henry Russell Drowne, Jr. Application for revocation of letters of guardianship.

Hays & Hershfeld, for petitioner.
Hamilton & Beckett, for respondent.

THOMAS, S. The provisions of procedure for the appointment of a guardian of an infant under 14, on the petition of the father, the mother being alive, did not require notice to the mother, though it permitted such notice in the discretion of the surrogate. Code Civ. Proc. §§ 2823, 2827. At the time of the enactment of the Code the father's right of custody and control of his infant children was superior to that of the mother, and the omission of the requirement of notice to the mother is in harmony with that rule of law. By the domestic relations law it was enacted that:

"A married woman is the joint guardian of her children with her husband, with equal powers, rights and duties in regard to them." Laws 1896, p. 223, c. 272, § 51.

This effected a change in the law, and vested in the mother a substantial legal right to the custody of the person of her child coequal with that of her husband. This right could not be taken away from her or cut down in any degree by the order or decree of any court without notice to her and opportunity for making defense. From that time the discretion of the surrogate on an application for guardianship of the person of an infant child to give or not to the mother due notice of such application became a duty, and a necessary condition for acquiring jurisdiction.

In the present case no such notice was given, and on that ground alone, and without any determination as to any other issue between the parties the decree, so far as it awards guardianship of the person of the infant to the respondent, is vacated, without prejudice to the right of either party to apply for such guardianship on proper notice to the other.